The document below is hereby signed.

Signed: October 16, 2019



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| EVERALD THOMPSON, | ) | Case No. 19-10032 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BARBARA McNALLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10017 |
| EVERALD THOMPSON, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporer. |

MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS

At the hearing of October 15, 2019, on the motion to dismiss the debtor's current complaint in this adversary proceeding, the court addressed what it perceived were deficiencies in the complaint and directed that the plaintiff have until October 29, 2019, to file a further amended complaint.  I summarize the matters as to which the plaintiff will amend the complaint, but expand as well on other issues.

1. <u>Count I (§ 523(a)(2)(A))</u>.  Count I (§ 523(a)(2)(A))

lacks detail as to when the parties agreed that the debtor would be allowed to pay below market rate of $1,800 per month based on having misrepresented his having made improvements, renovations, and repairs to the property, and specificity as to the date of each such false representation.

1. Count II (§ 523(a)(2)(B)). The plaintiff needs to clearly indicate:

- for when (how long) she permitted the defendant to reside as a tenant for no rent in reliance on false written representations as to his financial condition (and the date of each written false representation); and

- regarding the allegation concerning the debtor's paying only $600 (or less) of an agreed below-market-rate rent of $1,800:

    ▸ when the parties agreed to the debtor being obligated to pay rent of $1,800 per month;

    ▸ the period during which the plaintiff received $600 per month;

    ▸ specification of the debtor's false written representations resulting in the plaintiff's deferring enforcing the balance of the obligation (*e.g.*, by suing the debtor for the $1,200 shortfall); and

> ▸ facts showing that the plaintiff's having been deceived into deferring enforcement resulted in the debtor incurring a debt "for money, property, services or an extension, renewal, or refinancing of credit (which arguably was a debt already incurred under the agreement to pay $1,800 in rent).

2. Count III (§ 523(a)(4)). The plaintiff needs to allege facts:

- establishing that Rule 1.7 of the Rules of Professional Conduct were violated and how that harmed the plaintiff; and

- establishing that Rule 1.8 of the Rules of Professional Conduct were violated and how that harmed the plaintiff.

3. Count IV (§ 523(a)(6)). Under the Supreme Court's *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) decision, § 523(a)(6) requires the intentional infliction of injury (not just an intentional act that leads to injury). Intentional infliction of injury includes an act for which injuries were certain or substantially certain to occur. Paragraph 377 makes a dragnet allegation that the debtor intended to cause all of the injuries suffered as a result of his conduct. However, it would be preferable for the plaintiff to indicate as to each tort upon

which she relies whether the debtor intentionally inflicted the injury that resulted from the tort. Moreover, Count IV needs amendment:

- If slander of title is a tort claim intended to be part of the assertion of debt nondischargeable under § 523(a)(6), it would be useful to identify that within Count IV (not merely by way of incorporating earlier paragraphs) and to allege that the debtor intentionally inflicted the injury arising from that tort. I do not address whether a tort of slander of title has been adequately pled (and I have not investigated the required elements of such a tort).

- If the debtor's Complaint for Declaratory Relief gave rise to a debt for malicious prosecution[1] or abuse of

---

[1] In the District of Columbia, malicious prosecution requires: "(1) [that] the underlying suit terminated in plaintiff's favor; (2) malice on the part of the defendant; (3) lack of probable cause for the underlying suit; and (4) special injury occasioned by the plaintiff as the result of the original action." *Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C. 1980). A claim of malicious prosecution does not yet appear to be ripe as the debtor's action against the plaintiff has not yet terminated. Nevertheless, if the plaintiff is pursuing such a claim as being nondischargeable, it is an existing claim, albeit contingent, and if otherwise validly pled, ought to remain pending until the debtor's action against the plaintiff is terminated.

- process,[2] such a tort is not identified as being pursued, and if the plaintiff is contending that such a tort occurred and is nondischargeable, she ought to specify that. I do not address whether the plaintiff has pled such a tort.

- If the pursuit of the Complaint for Declaratory Relief gave rise to some other tort it is not clearly identified. I note that paragraphs 185, 214, 234, 245, 246, 247, and 272 of the complaint deal with sanctions awards made by the Superior Court. Count IV does not identify those as constituting debts for willful and malicious infliction of injury.

- Debts arising from reliance on false representations as nondischargeable debts are dealt with under

---

[2] As to abuse of process, the court stated in *Marvel*, 423 A.2d at 198:

> "The mere issuance of the process is not actionable, no matter what ulterior motive may have prompted it; the gist of the action lies in the improper use after issuance." *Hall v. Hollywood Credit Clothing Company*, D.C. Mun. App., 147 A.2d 866, 868 (1959). Thus, in addition to ulterior motive, one must allege and prove that there has been a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge. *Id.* at 868. *Accord*, *Geier v. Jordan*, D.C. Mun. App., 107 A.2d 440 (1954); *Hall v. Field Enterprises, Inc.*, D.C. Mun. App., 94 A.2d 479, 480 (1953).

The complaint does not allege that the debtor achieved some end not contemplated in the regular prosecution of his false accusations.

5

§ 523(a)(2). Paragraph 367 alleging that the debtor's false representations "regarding his financial condition, improvements, [and] repairs allegedly made to 52 Hamiltion Street" were "willful and caused a malicious injury to the plaintiff," does not identify a tort based on such false representations (to the extent the plaintiff is pursuing a tort separate from any torts arising from pursuit of the Complaint for Declaratory Relief or slander of title).

- Paragraph 368 does not specify the instance in which the debtor falsely accused the plaintiff of entering into an agreement or a partnership sharing a 50% ownership interest in 52 Hamilton Street. If the instance was the pursuit of the Complaint for Declaratory Relief, that ought to be specified.

- Paragraph 368 alleges that the accusations it describes caused the plaintiff to suffer severe emotional injuries, but that does not suffice to plead a tort of intentional infliction of emotional distress. The tort of intentional infliction of emotional distress requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," and that

      the plaintiff has experienced emotional distress "of so acute a nature that harmful physical consequences might be not unlikely to result." *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. 1982) (internal quotations omitted). The allegations of the complaint arguably do not establish that the defendant's conduct was "conduct which exceeds all bounds of decency [or] acts which are regarded as 'atrocious and utterly intolerable in a civilized community." *Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C.1980) (citation and internal quotation marks omitted). In any event, the conclusory allegations of paragraph 368 regarding severe emotional injuries do not suffice to state a claim of intentional infliction of emotional distress when there is no allegation of conduct of a nature that harmful physical consequences might be not unlikely to result. *Johnson v. Paragon Sys., Inc.*, 195 F. Supp. 3d 96, 99-100 (D.D.C. 2016); *Daniels v. D.C.*, 894 F. Supp. 2d 61, 68 (D.D.C. 2012).

    4. <u>Count V (§ 727(a)(2))</u>. Count V does not allege that the debtor made the conveyance with an intent to hinder, delay, or defraud.

    5. <u>Count VI (§ 727(a)(4))</u>. The plaintiff first refers to a "Periodic Report" then refers to the same as a "Period Report."

It is

ORDERED that the plaintiff is granted leave to file an amended complaint by October 29, 2019.

[Signed and dated above.]

Copies to: Debtor; all counsel of record; Office of United States Trustee; and

Anthony Graham
Smith, Graham, & Crump, LLC
7404 Executive Place, Suite 275
Lanham, Maryland 2070