The document below is hereby signed.

Signed: June 22, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
EVERALD FITZGERALD THOMPSON,       )   Case No. 19-00132
                                   )   (Chapter 11)
              Debtor.              )
_____)
                                   )
BARBARA MCNALLY,                   )
                                   )
              Plaintiff,           )
                                   )
     v.                            )
                                   )   Adversary Proceeding No.
EVERALD FITZGERALD THOMPSON,       )   19-10017
                                   )   Not for publication in
              Defendant.           )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND
ORDER GRANTING REQUEST TO IMPOSE SANCTIONS FOR FILING MOTION FOR
PROTECTIVE ORDERS AND SETTING HEARING TO FIX AMOUNT OF SANCTIONS

This addresses the issue of sanctions sought by the plaintiff with respect to the *Defendant's Motion for Protective Orders Regarding Notices of Deposition Duces Tecum for Jean-Jacques Ellong and Steven Bradford or in the Alternative Motion to Quash Subpoenas; and Order to Cancel Scheduled Deposition Date for Jean-Jacques Ellong* (Dkt. No. 40) (the

"*Motion*").  At the juncture that the plaintiff filed an opposition to the *Motion*, the only part of the *Motion* still outstanding concerned the subpoena to the defendant's accountant, Stephen Bradford.  I had already denied the *Motion* with respect to the defendant's mortgage broker, Jacques Ellong.  It is not clear whether the plaintiff's attorneys had worked on the opposition to the Motion prior to my denying the *Motion* as to Ellong.  However, with respect to the part of the *Motion* dealing with Ellong, as in the case of Bradford, discussed below, the defendant has failed to demonstrate that the *Motion* was substantially justified or that any circumstances would make an award of expenses unjust.

In denying the *Motion* as to Bradford, I ruled (as I had with respect to Ellong) that no privilege exists protecting against Bradford's production of the subpoenaed documents and the documents are relevant to the issues in this proceeding.  The *Motion* thus was denied in its entirety.  I ordered the defendant, Everald Fitzgerald Thompson, and his counsel, Tony Graham, to file a writing showing cause, if any they have, why the court ought not enter an order against them, as requested by the plaintiff, awarding the plaintiff the expenses incurred in opposing the *Motion*.

The defendant's response to the order to show cause asserts that:

>he was attempting to protect disclosure of confidential correspondence because he had a personal interest in protecting the confidentiality of the subpoenaed materials and putative testimony based on such materials. See: *Washington v. Thurgood Marshall Acad*, 230 F.R.D. 18, 21 (D.D.C. 2005) (party may move to quash third party subpoena if there is a viable claim of privilege, proprietary interest, or personal interest in the subpoenaed matter).

However, the passage in the cited decision addressed the issue of standing and the decision does not show that there was an arguable basis for barring production of subpoenaed materials by either Ellong or Bradford. Even if the defendant had standing to seek a protective order, he had no right to seek a protective order when there was no valid ground (such as a privilege) that would warrant granting a protective order. There was no recognized basis for barring the production of documents based on an expectation of privacy in the defendant's correspondence with Bradford.

The plaintiff is entitled to an award of expenses pursuant to Fed. R. Civ. P. 26(c)(3) and 37(a)(5) because the defendant has failed to demonstrate that the *Motion* was substantially justified or that any circumstances would make an award of expenses unjust. The plaintiff has filed statements of her attorneys setting forth the attorney's fees incurred.[1] However,

---

[1] The statements were filed as "declarations" executed, puzzlingly, under the laws of the District of Columbia, and not in the manner set forth for executing an unsworn declaration under 28 U.S.C. § 1746. However, if the defendant does not contest the time spent, this is not a concern.

3

the defendant has not had an opportunity to respond to those statements.  The parties are already set to appear for a hearing on another issue on June 23, 2020, at 10:00 a.m.

It is thus

ORDERED that the plaintiff shall recover an award of expenses pursuant to Fed. R. Civ. P. 26(c)(3) and 37(a)(5), and the court will hold a hearing on June 23, 2020, at 10:00 a.m. to address fixing the amount to be awarded.

[Signed and dated above.]

Copies to: All counsel of record.