The document below is hereby signed.

Signed: August 4, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| EVERALD FITZGERALD THOMPSON, | ) | Case No. 19-00132 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BARBARA MCNALLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adversary Proceeding No. |
| EVERALD FITZGERALD THOMPSON, | ) | 19-10017 |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
<u>FIXING FEES FOR SUCCESSFUL MOTION TO COMPEL</u>

This court's order (Dkt. No. 85) granting the plaintiff's motion to compel discovery (Dkt. No. 47) directed that fees and costs incurred in pursuing the Motion will be granted. The plaintiff filed a statement of fees and costs (Dkt. No. 83) and the defendant has filed an opposition (Dkt. No. 87) to which the plaintiff has replied (Dkt. No. 89).

The plaintiff requests fees based on the Salazar/LSI matrix that may be applied for "complex federal litigation" but offers the USAO Attorney's Fee Matrix as an alternate basis. The defendant would base fees on a rate reduced from the USAO Attorney's Fee Matrix.

I will award fees based on the full amount from the USAO Attorney's Fee Matrix. The issues being litigated in this adversary proceeding are difficult, but I doubt if they fit in the category of "complex federal litigation." This court routinely has to approve (or disapprove) fees of attorneys for debtors in possession and trustees, as well as award fees on occasion for sanctions under Fed. R. Bankr. P. 9011, for civil contempt, and for failure to provide discovery. Based on the billing rates the court has seen in matters of similar complexity for work performed by attorneys of comparable experience, the rates of $637 per hour and $353 per hour are more reasonable rates for fees to be awarded than the higher rates from the Salazar/LSI Matrix. The defendant has not stated any valid basis for reducing these rates, nor does the court find any.

With respect to the hours for which these rates will be applied, I will award fees for all of the hours claimed by the plaintiff. The tasks performed here were of a discrete and limited nature. The amounts of time spent producing the motion to compel (Dkt. No. 47) and the reply in support of that Motion

(Dkt. No. 55), and preparing for and attending the hearing on the Motion are reasonable amounts of time for those tasks.  This application for fees does not entail anywhere near the scope of fees sought in *Role Models America, Inc. v. Brownlee*, 353 F.3d 962 (D.C. Cir. 2004), or require this court to split out any time for unrelated case work such as was billed there, *id.* at 971.  In the context of this matter, the plaintiff's application here is, as in *Woodland v. Viacom Inc.*, 255 F.R.D. 278, 282 (D.D.C. 2008), "sufficiently detailed" because it allows this court to "make an independent determination whether or not the hours claimed are justified."  *Id.* (quoting *National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).  And I find that the hours claimed here are justified.

For example, the defendant argues, Docket Number 87, at 8, that Mr. Fortini spent the same number of hours (3.25) working on the Motion to Compel and on the Reply to Defendant's Response.  Upon examining the arguments in Defendant's Response that Mr. Fortini had to address in the Reply, and upon an examination of the five pages of argument in the Reply, I conclude that 3.25 hours was reasonable for preparing the Reply.  Similarly, although Mr. Ponds did not indicate the date that he "spent one (1) hour reviewing the Plaintiff's Motion to Compel and the attached exhibits to the Motion to Compel," Docket Number 83-3, at 4, para. 9, Mr. Ponds signed the Motion to Compel as the

senior attorney representing the plaintiff, and one hour was a reasonable amount of review time for performing that task.

In light of the foregoing, it is

ORDERED that the plaintiff, Barbara McNally, recover of the defendant, Everald Fitzgerald Thompson, the sum of $23,975.00 as fees and costs she incurred in pursuing the motion to compel.

[Signed and dated above.]

Copies to: All counsel of record.