The document below is hereby signed.

Signed: August 13, 2020



_S. Martin Teel, Jr._
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
EVERALD FITZGERALD THOMPSON,       )   Case No. 19-00132
                                   )   (Chapter 11)
          Debtor.                  )
_____)
                                   )
BARBARA MCNALLY,                   )
                                   )
          Plaintiff,               )
                                   )
     v.                            )
                                   )   Adversary Proceeding No.
EVERALD FITZGERALD THOMPSON,       )   19-10017
                                   )   Not for publication in
          Defendant.               )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER
<u>FIXING FEES FOR OPPOSING MOTION FOR PROTECTIVE ORDERS</u>

Pursuant to the *Memorandum Decision and Order Granting Request to Impose Sanctions for Filing Motion for Protective Orders and Setting Hearing to Fix Amount of Sanctions* of June 22, 2020 (Dkt. No. 79), I decided that sanctions should be awarded to the plaintiff, and I held a hearing on June 23, 2020, to fix the reasonable fees to be awarded to the plaintiff for opposing the

defendant's *Motion for Protective Orders*. After hearing argument of counsel, I took the matter under advisement.

The defendant is an attorney, and is represented by Tony Graham in this adversary proceeding. I will award fees against both Graham, who signed the *Motion for Protective Orders*, and the defendant.

In the *Plaintiff's Reply to Defendant's Response to the Court's Show Cause Order* filed on June 8, 2020 (Dkt. No. 73), the plaintiff included a list of the attorney's fees she incurred in opposing the defendant's *Motion for Protective Order*. The plaintiff sought an award of fees based on 5.5 hours at $364.00/hour for Michael A. Fortini plus 2.25 hours at $865.00/hour for Billy Lee Ponds. At the hearing held on June 23, 2020, Graham and the defendant objected to the amount of time as well as to the hourly fee rates as unreasonable.

*Amount of Time*. Fortini and Ponds (1) prepared and filed an *Opposition* (Dkt. No. 49) to the *Motion for Protective Orders*; and (2) after the court issued its *Order Denying Motion for Protective Order and Directing Defendant and His Counsel to Show Cause Why Rule 37(b)(5) Sanctions Ought Not Be Imposed* of May 13, 2020 (Dkt. No. 67) ("*Show Cause Order*"), they prepared and timely filed on June 8, 2020, *Plaintiff's Reply to Defendant's Response to the Court's Show Cause Order to Show Cause* (Dkt. No. 73) briefing the plaintiff's position that an award of sanctions was

2

warranted. Counsel attached affidavits to the *Reply* documenting their hours expended on these filings. Fortini spent 3.75 hours researching, drafting, editing and filing the plaintiff's *Opposition* to the *Motion for Protective Orders* and 1.75 hours drafting, editing and filing *Plaintiff's Reply to Defendant's Response to the Court's Show Cause Order*. Ponds spent 0.75 hours reviewing and conferring with Fortini regarding the plaintiff's *Opposition* to the *Motion for Protective Orders,* and reviewing the court's *Show Cause Order*. Ponds spent 1.5 hours reviewing the *Defendant's Response to the Court's Show Cause Order*, and reviewing, researching, and modifying the plaintiff's *Reply* as well as conferring with Fortini regarding edits to the *Reply*.

Having reviewed those two filings, I conclude that the 7.75 hours spent performing those tasks was reasonable. Weighing in favor of treating the time as reasonable is that the bulk of the work was performed by Fortini, who was billing at a lower hourly fee than Ponds. In addition, some modest time was spent by Ponds at the hearing of June 23, 2020, addressing the appropriateness of the fees sought.[1]

*Hourly Rates*. In the *Memorandum Decision and Order Fixing Fees for Successful Motion to Compel* of August 4, 2020 (Dkt.

---

[1] Most of the June 23, 2020 hearing addressed fees to be awarded for litigating the *Motion to Compel*. The *Memorandum Decision and Order Fixing Fees for Successful Motion to Compel* of August 4, 2020 (Dkt. No. 90) awarded the plaintiff fees that included 7 hours for Ponds' appearance at the hearing.

No. 90), I awarded fees for the plaintiff's successful pursuit of the plaintiff's *Motion to Compel*, stating (at p. 2):

> The plaintiff requests fees based on the Salazar/LSI matrix that may be applied for "complex federal litigation" but offers the USAO Attorney's Fee Matrix as an alternate basis. The defendant would base fees on a rate reduced from the USAO Attorney's Fee Matrix.
>
> I will award fees based on the full amount from the USAO Attorney's Fee Matrix. The issues being litigated in this adversary proceeding are difficult, but I doubt if they fit in the category of "complex federal litigation." This court routinely has to approve (or disapprove) fees of attorneys for debtors in possession and trustees, as well as award fees on occasion for sanctions under Fed. R. Bankr. P. 9011, for civil contempt, and for failure to provide discovery. Based on the billing rates the court has seen in matters of similar complexity for work performed by attorneys of comparable experience, the rates of $637 per hour and $353 per hour are more reasonable rates for fees to be awarded than the higher rates from the Salazar/LSI Matrix. The defendant has not stated any valid basis for reducing these rates, nor does the court find any.

Similarly, for the same reasons here, reasonable fees should be limited to $637 per hour for Ponds and $353 per hour for Fortini.

*Fee Award*. The result is that the plaintiff is entitled to recover 5.5 hours at $353.00/hour for Fortini plus 2.25 hours at $637.00/hour for Ponds, respectively, fees of $1,941.50 and $1,433.25, for a total fee award of $3,374.75.

It is thus

ORDERED that the plaintiff, Barbara McNally, recover of the defendant, Everald Fitzgerald Thompson, and his attorney, Tony Graham, the sum of $3,374.75 as attorney's fees she incurred in opposing the *Motion for Protective Orders* and seeking sanctions

in that regard.

                                                          [Signed and dated above.]

Copies to: All counsel of record.